James P. Bradley (CA Bar No. 56308)
   <jbradley@sidley.com>
SIDLEY AUSTIN LLP
717 N. Harwood St., Ste. 3400
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

[Additional counsel listed on signature page]

*Attorneys for Defendants*
*STMicroelectronics, N.V. and STMicroelectronics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| California Institute of Technology,<br><br>*Plaintiff*,<br><br>vs.<br><br>STMicroelectronics N.V., *et al.*,<br><br>*Defendants*. | No. 2:10-cv-09099-MRP-VBK<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND MOTION FOR PROTECTIVE ORDER**<br><br>Judge: Hon. Mariana R. Pfaelzer<br>Hearing Date: April 25, 2012<br>Hearing Time: 1:30 p.m.<br>Place: Courtroom 12<br><br>Discovery cutoff: Not scheduled<br>Pre-trial conf.: Not scheduled<br>Trial date: Not scheduled |

LA1 2432547v.4

## I. Introduction

Much of ST's motion has been resolved in view of the Court's guidance given during the March 26, 2012 hearing.  At the hearing, despite Caltech's expressed desire for "full discovery" before dropping any patents, claims or accused products, the Court made clear that Caltech must provide specific infringement contentions that take into account the Court's claim construction and the claims' priority dates ***before*** ST is required to incur any further expense defending against patents, claims and accused products that Caltech has no basis for accusing of infringement:

- "I do not believe that it is necessary [] to force [ST] at this moment to give [Caltech] discovery on things that [ST is] going to win on summary judgment with respect to."  Ex. 11 (3/26/12 Hearing Tr. at 26:11-14).
- Caltech is "not going to get any discovery whatsoever on anything that is not the subject of infringement contentions." *Id.* at 26:20-22.
- "I want [Caltech] only to have discovery on the things for which [Caltech has] filed infringement contentions, and when [Caltech] file[s] the infringement contentions, ***I want [Caltech] to do that in light of the claim construction order***, period."  *Id.* at 30:9-12 (emphasis added).
- "I will not put up with anything more that doesn't take into consideration the relationship between the patent and the priorities." *Id.* at 31:21-23.[1]

The Court's comments above are consistent with the relevant caselaw. *See e.g.*, *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, No. 05-8493, 2007 WL 4302701, at *2-3 (C.D. Cal. June 27, 2007) (limiting discovery to products specifically accused in infringement contentions).

The Court has also made clear that Caltech may not accuse products based solely on assumptions.  Ex. 11 (3/26/12 Hearing Tr. at 17-19).  Thus, in addition to

---

[1] Caltech presently contends that each asserted claim of each asserted patent is entitled to the earliest possible priority date based on the earliest filed application, notwithstanding the fact that many are continuations-in-part. Ex. 1 at 4-5. These cannot be realistic contentions.

providing contentions that take into account the Court's claim constructions and the claims' priority dates, Caltech should not be permitted to use "exemplary" allegations based on mere assumptions.

Finally, in view of the Court's claim construction, it is clear that several patents should be dismissed entirely, and that infringement allegations as to claims in other patents should be dropped, when Caltech serves its new infringement contentions.

## II. Caltech's Reliance On Assumptions In Its Infringement Contentions Is Plainly Erroneous And Should Not Be Tolerated In Its New Contentions

Although Caltech's present contentions list 36 products, Caltech acknowledges that its allegations against 30 of these products rest solely on assumptions. JS at 4:16-20. Caltech first claims it "went out and purchased several hundred products, [and] reversed engineered **all** of the STMicro CMOS image sensors in those products." Ex. 11 (3/26/12 Tr. at 10:4-6) (emphasis added); *see also* JS at 3:36-38 (similar). Caltech goes so far as to claim that "[e]ach element of the asserted claims was readily found in each of STMicro sensors." JS at 4:3-5. In the very next paragraph, however, Caltech argues that "it is reasonable to assume that STMicro would reuse the same circuitry for chips with the same pixel size, given industry practice and the fact that most of the chips bear similar product numbers." JS at 4. Dr. Kleinfelder's expert declaration is entirely conclusory and rests on this same assumption. Dkt. 217-4 at ¶ 4.

While Caltech improperly seeks to flip the burden onto ST to prove that the accused products are different (JS at 4:11-22), the very first item of Caltech's infringement contentions shows but one example of the flaw in Caltech's reliance on assumptions. Caltech accuses all 36 listed products of infringing claims 15 and 16 of U.S. Patent No. 5,990,506. Ex. 1 at 2:18, 3:5-6. However, both of these claims require color. *See* Ex. 12 ('506 patent claims 15-16, reciting *inter alia* a "color filtering layer" and "an array of color filtering regions"). In contrast, two of the 36 accused products — VL 5510 and VC 5602 — are monochrome (i.e., black and

white) image sensors. Ex. 13.[2] Caltech did not provide a claim chart for either of these products, instead asserting that a color image sensor (VS6556) is representative of VL5510, and a different color image sensor (VD6725) is representative of VC5602. Ex. 1 at 3. Caltech obviously did not reverse engineer these two products, contrary to Mr. DePumpo's representations at the March 26, 2012 hearing, and Caltech's claim that "[e]ach element of the asserted claims was readily found in each of STMicro sensors" is demonstrably false. JS at 4.

As another example, although Caltech argues that "the structure and layout of the accused image sensors are extremely similar" (JS at 14:21-22), the pictures Caltech provides show otherwise. JS at 15. Even the untrained eye can see that the three products on the left of the page (VS6556, VW6754 and VD6851) have different structures and layouts. *Id.* The fact that there are different structures and layouts in the 6 products Caltech chose as "exemplary" does not support an assumption that the rest of the products are the same, nor that the same circuitry is being "reused." JS at 4:18. Instead, the reverse engineering on which Caltech relies suggests that examination of all 36 products would reveal even more differences. Given these differences in circuitry, Caltech has not shown "that all of the accused products share the same or substantially the same infringing circuitry." JS at 11 (citing *Bender v. Freescale Semiconductor, Inc.*, No. 09-1156, 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010)).

Caltech attempts to justify its assumption-based groupings with citations to various cases, but the Court has already rejected Caltech's blanket accusations against "all" products and its reliance on assumptions to conclude that products work in the same way. While every case is different, the present case is much more like the cases cited by ST than those cited by Caltech. Caltech's conduct is nearly identical to Mr.

---

[2] Ex. 13 is a data sheet for VL5510, and is freely available on ST's website at: http://www.st.com/internet/com/TECHNICAL_RESOURCES/TECHNICAL_LITERATURE/DATASHEET/CD18193589.pdf. The very first "Feature" listed on the very first page of this document states that VL5510 is a "monochrome" sensor.

Bender's: Caltech accuses "all" of ST's CMOS image sensor products of infringing each asserted claim of all of the patents, charts only a few products, and asserts that the remaining products infringe based on an assumption that they must be the same. Unlike in the *Implicit* and *Renesas* cases cited by Caltech (JS at 16), Caltech has not articulated a reasonable rationale for concluding that accused products are similar, and relies on assumptions contrary to available evidence.

Finally, in view of the substantial technical documentation already provided and Caltech's purported reverse engineering of "all" of the 36 accused products, it will not be burdensome for Caltech to provide far more specific contentions that do not rely on assumptions. Caltech complains about the computer setup for review of Cadence and GDS files to excuse its lack of diligence in reviewing those files (JS at 20), but those complaints are without merit. As the Court is aware, Caltech resisted for weeks ST's numerous offers to demonstrate how easy the review would be until the Court ordered it to view Dr. Gui's demonstration, which showed how simple and straightforward the setup is. A short (less than 3 minute) video of Dr. Gui demonstrating the computer system was prepared so that the Court can see just how user friendly ST's setup is. Ex. 14.

### III. Conclusion

Accordingly, ST requests that the Court enter an order confirming the guidance already provided at the prior hearing. In particular:

(1) Caltech must serve new infringement contentions for all accused products that take into account the Court's claim construction and each claim's priority date;

(2) Caltech's infringement contentions may not rely on assumptions, including for purposes of grouping products together; and

(3) ST is relieved of the obligation to provide further discovery[3] on any product until Caltech complies with (1) and (2) above with respect to that product.

---

[3] Caltech confuses "discovery" with the Court's July 28, 2011 order requiring production of "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant" in its

*(Footnote continued)*

Respectfully submitted,

Dated:  April 11, 2012

By: /s/ James P. Bradley

James P. Bradley (CA Bar No. 56308)
<jbradley@sidley.com>
Dale B. Nixon *(pro hac vice)*
<dnixon@sidley.com>
Thomas N. Tarnay *(pro hac vice)*
<ttarnay@sidley.com>
Steven C. Malin *(pro hac vice)*
<smalin@sidley.com>
Mark A. Dodd *(pro hac vice)*
<mdodd@sidley.com>
Kristoffer B. Leftwich *(pro hac vice)*
<kleftwich@sidley.com>
SIDLEY AUSTIN LLP
717 N. Harwood St., Ste. 3400
Dallas, Texas  75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Sandra S. Fujiyama (Bar No. 198125)
<sfujiyama@sidley.com>
Theodore W. Chandler (Bar No. 219456)
<tchandler@sidley.com>
Matthew S. Jorgenson (Bar No. 229131)
<mjorgenson@sidley.com>
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

<stcaltech@sidley.com>

*Attorneys for Defendants STMicroelectronics, N.V. and STMicroelectronics, Inc.*

---

infringement contentions. JS at 5; Ex. 2, ¶ 6(B). While ST voluntarily provided the documentation required by ¶ 6(B) in an effort to advance the streamlining of the case despite the inadequacies in Caltech's contentions, ST has always strongly objected to being required to provide "full discovery" so long as Caltech has failed to comply with its most basic obligations to ensure that only legitimately accused products are in the case.

LA1 2432547v.4

5

# **EXHIBITS**

Ex. 11: Transcript of hearing on Caltech's motion to compel discover (March 26, 2012)

Ex. 12: U.S. Patent No. 5,990,506 (see claims 15 and 16).

Ex. 13: Data sheet for accused ST product VL5510, downloaded from: http://www.st.com/internet/com/TECHNICAL_RESOURCES/TECHNICAL_LITERATURE/DATASHEET/CD18193589.pdf.

Ex. 14: CD ROM Containing Video of Dr. Gui demonstrating the Cadence/GDS computer setup on March 9, 2012.